UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JESSE McNEELEY, | ) |
|             Petitioner, | ) |
| v. | ) Case No. 3:14-CV-1697-JVB |
| SUPERINTENDENT | ) |
|             Respondent. | ) |

**OPINION AND ORDER**

Jesse McNeeley, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 12-07-601) that was held on August 6, 2012, where he was found guilty of possessing a controlled substance by the Disciplinary Hearing Body (DHB) in violation of B-202 and deprived of 20 days earned credit time. McNeeley did not appeal this result and therefore has not presented any of his claims to the Final Reviewing Authority. Therefore they are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim [in a prison disciplinary case], and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . ..").

A habeas petitioner can overcome procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). McNeeley could not appeal because he pled guilty. He states that the hearing officer threatened him by saying, "Don't waste my time. I'm in a hurry. Plead guilty or I'll take 6 months." DE 3-1 at 2. In effect, McNeeley was offered a plea bargain – a reduced sentence in exchange for a guilty plea. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, even in criminal prosecutions, plea

bargains are both common and Constitutional. *See Bordenkircher v. Hayes*, 434 U.S. 357 (1978).

Therefore McNeeley does not have cause to excuse his procedural default merely because he pled guilty as a part of a plea deal.

However, even if he did have cause, he cannot demonstrate prejudice because none of his grounds present a basis for habeas corpus relief. McNeeley argues that it was a due process error to have written the conduct report before the testing of the "green leafy substance" found in the small package given to him by another inmate. He also argues that there was not conclusive evidence that it was a controlled substance. First, there is no Constitutional requirement that testing precede the writing of a conduct report. Indeed, there is not even a Constitutional requirement for that the substance be tested.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Here, it was reasonable for the DHB to conclude that McNeeley possessed a controlled substance even if it had not been tested.

Finally, McNeeley argues that the DHB considered drug test results which were not shown to him. But, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.,* 266 F.3d 759, 767 (7th Cir. 2001). Therefore this would not be a basis for habeas corpus relief and McNeeley cannot demonstrate prejudice.

For the foregoing reasons, the petition is **DISMISSED** pursuant to 2254 Habeas Corpus Rule 4 because the claims are procedurally defaulted.

**SO ORDERED** on August 26, 2014

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE